UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STARS INVESTMENT GROUP, LLC, | ) | |
| and STARS DESIGN GROUP, INC., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 4:15-cv-01370-AGF |
| | ) | |
| vs. | ) | |
| | ) | |
| AT&T CORP., MASTEC NORTH | ) | |
| AMERICA, INC. and FOUR WINDS | ) | |
| CONSTRUCTION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' TRIAL BRIEF

COME NOW defendants pursuant to the Court's Pre-Trial Order and submit to the Court the following Trial Brief:

There are several legal and factual issues which may arise at trial and which defendants will address.

## REMAINING CLAIMS AGAINST DEFENDANTS

After the Court's order of February 27, 2017, ruling on summary judgment motions filed by AT&T and MasTec, the only remaining claims are as follows:

- Against AT&T: Vicarious liability for the negligence of Four Winds, and SDG's breach of contract claim.

- Against MasTec: Vicarious liability for the negligence of Four Winds.

- Against Four Winds: Direct negligence.

Other claims were eliminated by the Court's ruling: negligent hiring, negligent supervision, direct negligence of MasTec, and negligent misrepresentation against AT&T.

1

## EVIDENCE OF OTHER GAS LINE STRIKES

Since there is no longer a claim against AT&T or MasTec for negligent hiring or negligent supervision, any evidence of other gas line strikes or other damage, caused by any defendant at any time, is irrelevant to any remaining issue in the case and should be excluded.

## STARS DESIGN GROUP'S CLAIM AGAINST AT&T FOR BREACH OF CONTRACT

As pointed out by the Court in its Memorandum and Order regarding the summary judgment motions, the contract between AT&T and Stars Design Group stated that "AT&T will in each such case remain financially responsible for the performance of such obligations." However the contract includes a "limitation of liability" provision, limiting AT&T's liability for damages to "the applicable credit specified in the service publication or, if no credits are specified, an amount equal to the total net charges to the customer for service to which such breach relates during the period in which such breach occurs and continues." The Court ruled that there is a question of fact as to whether the limitation of liability provision should apply to limit ATT's liability for SDG's damages, because of an "exclusion" in the limitation of liability. However ATT contends that this exclusion does not apply, or only applies to a portion of SDG's claims.

The language of the "exclusion" states that the limitation of liability does not apply to "damage to … property *directly caused by AT&T's negligence or intentional misconduct*." (Emphasis added.)  As the Court has ruled, AT&T can only be liable vicariously for the negligence or intentional misconduct of Four Winds, and not directly.  There is no allegation, and there will be no evidence, that the property damage was *directly* caused by AT&T's actions or omissions. The exclusion in the limitation of liability language applies only to damage caused

directly by AT&T, of which there is none.  Therefore the limitation of liability language must apply.

Even if the Court finds that the limitation of liability language in the contract applies, then it should apply only to a small portion of SDG's damages.  By its terms the limitation of liability clause does "not apply to bodily injury, death or damage *to real or tangible property*." (Emphasis added.)  This exclusion means that the limitation of liability language applies to most of SDG's claims, because the bulk of SDG's claims are not for damage to real or tangible property.

SDG was the owner of the business contained in the destroyed building, not of the building itself.  The vast majority of the "damage to real or tangible property" was to Stars Investment Group's real property, not SDG's personal property. Some of the "tangible property" destroyed certainly belonged to SDG, but SDG's main claim is for lost profits resulting from the event.  A claim for lost profits is not a claim for damage to real or tangible property.

**STARS DESIGN GROUP'S LOST PROFITS**

Stars Design Group is claiming that it lost business profits as a result of the temporary disruption of its business. SDG has retained an expert to testify that it lost profits as a result of this incident. However defendants contend that the lost profits evidence is not sufficient to allow plaintiff to recover lost profits.

"In evaluating the sufficiency of evidence to sustain awards of damages for loss of business profits the appellate courts of this state have made stringent requirements, refusing to permit speculation as to probable or expended profits, and requiring a substantial basis for such

awards," *Gateway Foam Insulators, Inc. v. Jokerst Paving & Contracting, Inc.*, 279 S.W.3d 179, 185-186 (Mo.banc 2009).

/s/ James C. Leritz
James C. Leritz, #33830MO
LERITZ & PLUNKERT, P.C.
555 Washington Avenue, Suite 600
St. Louis, MO 63101
jlleritz@leritzlaw.com
(314) 231-9600
(314) 231-9480 – Facsimile

ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically filed with the United States District Court for the Eastern District of Missouri this 2nd day of March, 2017, with service upon all parties of record via the Court's electronic filing system.

/s/ James C. Leritz