UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STARS INVESTMENT GROUP, LLC, and STARS DESIGN GROUP, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T CORP., MASTEC NORTH AMERICA, INC. and FOUR WINDS CONSTRUCTION, LLC,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 4:15-cv-01370-AGF<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' TRIAL BRIEF**

Plaintiffs Stars Investment Group, LLC ("SIG") and Stars Design Group, Inc. ("SDG") (collectively, "Plaintiffs") submit the following Trial Brief in this matter.

**Introduction**

This case concerns AT&T Corp. ("AT&T"), MasTec North America, Inc. ("MasTec") and Four Winds Construction, LLC's ("FourWinds") (collectively, "Defendants") ongoing efforts to hide behind hollow contractual terms and to shift blame in order to avoid the consequences of their substantial negligence. On February 5, 2014, a gas line explosion destroyed and/or damaged properties owned and rented by SIG and destroyed SDG's operational headquarters at 2222 Menard in the Soulard neighborhood of St. Louis, Missouri. Many of SDG's employees and local emergency responders escaped from the building within minutes of the building exploding and entire blocks of the surrounding area were evacuated for the majority of the day. The building where SDG had built a thriving garment design company was left to burn in order to prevent further gas explosions in the neighborhood. Plaintiffs brought this lawsuit to seek relief in light of the overwhelming damage caused by Defendants' actions.

1

Plaintiffs will meet their burden at trial to make out their claims alleged against Defendants. The evidence at trial will demonstrate that AT&T, MasTec, and Four Winds failed to act consistent with applicable standards of care and that, in fact, they acted in reckless disregard of the welfare of others. The evidence will also establish that AT&T breached its contractual obligations to SDG. Further, the evidence will show that AT&T had the right to control the actions of its agents, MasTec and Four Winds, and that MasTec had the right to control its agent, Four Winds. Ultimately, the evidence at trial will show Plaintiffs are fully able to support their requests for compensatory and punitive damage awards.

## Procedural History

Plaintiffs initiated this lawsuit by filing a petition with the Circuit Court of the City of St. Louis, Missouri, on July 31, 2015, stating state law negligence and breach of contract claims against Defendants. Defendants removed this case to this Court on September 3, 2015. (Doc. No. 1). Plaintiffs sought leave to amend their Complaint on March 3, 2016, (Doc No. 31) in order to eliminate claims made by certain individual plaintiffs, Bret Schnitker and Kelly Greene, who voluntarily dismissed their claims without prejudice on February 29, 2016. (Doc. No. 29).

On September 30, 2016, On September 30, 2016, AT&T and MasTec filed motions for summary judgment with respect to the majority of Plaintiffs' claims (Doc. Nos. 69 & 70). Plaintiffs timely responded to Defendants' motions and submitted 59 additional uncontroverted material facts with respect to Defendant AT&T Corp.'s motion (Doc. No. 79-2) and submitted 22 additional uncontroverted material facts with respect to Defendant MasTec North America, Inc.'s motion (Doc. No. 80-2). Defendants failed to respond or address Plaintiffs' additional uncontroverted material facts and, as such, the Court had within its discretion to consider those facts undisputed pursuant to Rule 56(e)(2). The Court granted Defendants' summary judgment

motions in part as to Plaintiffs' direct negligence claims against MasTec (Counts II and X), Plaintiffs' negligent hiring and negligent supervision claims against AT&T and MasTec (Counts VI, VII, XIV, and XV), and Plaintiff Star's Design Group, Inc.'s negligent misrepresentation claim against AT&T (Count XVII).

Plaintiffs' remaining claims are negligence per se against Four Winds (Counts I and IX), negligence against Four Winds (Counts II and X), negligence sounding in respondeat superior against AT&T and MasTec (Counts III, IV, XI, XII), negligence pursuant to res ipsa loquitur against all defendants (Counts V, XIII), breach contract against AT&T (Count XVI), negligent performance of statutory duty against AT&T (Count XVIII), and recklessness against all defendants (Count XIX).  Plaintiffs seek actual and punitive damages.

## Issues for Trial

**I.    The Vicarious Liability of AT&T**

Considerable evidence will establish that AT&T was responsible for the actions of its agents on February 5, 2014.  AT&T manages or has the right to manage every AT&T fiber optic cable project, even those involving subcontractors.  AT&T personnel design the projects, say when the projects start and stop, decide whether to cancel, dictate digging depths, direct worker actions if deemed unsafe, make sure contractors and subcontractors alike restore the property to its prior condition, and generally manage projects in a highly detailed manner.  Although, MasTec and Four Winds are characterized as "independent contractors," this characterization is not dispositive.

Beyond contractual terms, in order to distinguish between an agent and an independent contractor, Missouri courts also consider the following factors:

> (a) The extent of control which, by the agreement, the master may exercise over the details of the work; (b) whether or not the one employed is engaged

3

> in a distinct occupation or business; (c) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision; (d) the skill required in the particular occupation; (e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work; (g) the method of payment, whether by the time or by the job; (h) whether or not the work is a part of the regular business of the employer; and (i) whether or not the parties believe they are creating the relationship of master and servant.

*K.C. 1986 Ltd. P'ship*, 33 F. Supp. at 827 (citing *Mattan v. Hoover Co.*, 166 S.W.2d 557, 564 (Mo. 1942). No single factor alone is controlling in determining agency status. *Hamilton v. Palm*, 621 F.3d 816, 818-19 (8th Cir. 2010). As will be shown at trial, the evidence establishes that AT&T's practices and procedures involve consistently exercising the right to control similar projects from start to finish and with an eye to whether "they're representing AT&T properly."

## II.   The Vicarious Liability of MasTec

Although AT&T retains the ultimate right to manage and control AT&T fiber optic projects, the evidence in this case will also establish that MasTec effectively retains the right to control the actions of its own agents. The evidence will also show that, much like AT&T, MasTec sometimes does not exercise that right when it is inconvenient. The evidence will also demonstrate that MasTec had within its control to make a single phone that might have prevented the explosion and the damage to Plaintiffs.

## III.   AT&T's Breach of Contract

At the very core of this case is an agreement between SDG and AT&T whereby, it is undisputed, AT&T contracted with SDG to install fiber optic cable. AT&T and its agents fundamentally failed to properly and safely conduct this installation. Their negligence and

4

recklessness in attempting to fulfill the obligations of this contract resulted in severe damage to a gas line leading to the explosion at issue.

This contract contains a limitation of liability inapplicable to this case. The limitation explicitly does "not apply to bodily injury, death or damage to real or tangible property directly caused by AT&T's negligence or intentional misconduct." As will be shown through the evidence at trial, the negligence of AT&T's agent directly caused damage to real and tangible property and AT&T is in breach.

**IV.    The Undisputed Negligence and Recklessness of the Defendants**

It is not anticipated that Defendants will attempt to present evidence—because there is none—that there is another cause or explanation for the explosion that occurred on February 5, 2014, beyond negligent behavior. The corporate representatives of each and every Defendant and the Plaintiffs' liability experts have essentially agreed that an inexcusable breach of care occurred that day.  In other words, this is not a case that will boil down to an unavoidable accident with no party at fault.

## Conclusion

Plaintiffs are fully able to prove their claims against Defendants.  The evidence will demonstrate that Defendants were negligent and that their actions directly caused or contributed to Plaintiffs' damages resulting from the explosion on February 5, 2014.

                          By: */s/ Laura A. Bentele*
                              Eric M. Trelz        #37248MO
                              Laura A. Bentele     #64727MO
                              Armstrong Teasdale LLP
                              7700 Forsyth Blvd., Suite 1800
                              St. Louis, Missouri 63105
                              Telephone:  314.621.5070
                              Fax:  314.621.5065
                              etrelz@armstrongteasdale.com
                              lbentele@armstrongteasdale.com

                              ATTORNEYS FOR PLAINTIFFS
                              STARS INVESTMENT GROUP, LLC
                              AND STARS DESIGN GROUP, INC.

## **CERTIFICATE OF SERVICE**

    I hereby certify that on the 2nd day of March, 2017, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system.

                              */s/ Laura A. Bentele*