UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

STARS INVESTMENT GROUP, LLC and )
STARS DESIGN GROUP, INC., )
)
    Plaintiffs, )
)
v. )   Case No.  4:15CV01370AGF
)
AT&T CORP., MASTEC NORTH )
AMERICA, INC., and FOUR WINDS )
CONSTRUCTION, LLC, )
)
    Defendants. )

# FINAL JURY INSTRUCTIONS

INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions.

You have to follow all of my instructions, the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of the trial.

You will have copies of the instructions I am about to give you now in the jury room.

Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

INSTRUCTION NO. 2

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.

INSTRUCTION NO. 3

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

INSTRUCTION NO. 4

In these instructions, you are told that your verdict depends on whether or not you believe certain propositions of fact submitted to you.  The burden is upon Plaintiffs to cause you to believe that the evidence has clearly and convincingly established the propositions of fact required for the recovery of punitive damages as submitted in Instruction No. 16.  However, on all other propositions of fact, the burden is upon the party who relies upon any such proposition to cause you to believe that such proposition is more likely to be true than not true.  In determining whether or not you believe any proposition, you must consider only the evidence and the reasonable inferences derived from the evidence.  If the evidence in the case does not cause you to believe a particular proposition submitted, then you cannot return a verdict requiring belief of that proposition.

INSTRUCTION NO. 5

On the claims of Plaintiffs Stars Investment Group, LLC, and Stars Design Group, Inc. against Defendant Four Winds Construction, LLC for damages, your verdict must be for Plaintiffs and against Defendant Four Winds Construction, LLC, if you believe:

First, either:

Four Winds Construction, LLC failed to properly determine the location of utility markings prior to performing work, or

Four Winds Construction, LLC failed to remove the snow to reveal the utility markings, or

Four Winds Construction, LLC failed to dig a pothole to unearth the natural gas line, or

Four Winds Construction, LLC drilled without having identified the location of the gas line and thereby punctured the natural gas line; and

Second, in any one or more of the respects submitted in paragraph First, Defendant Four Winds Construction, LLC was thereby negligent; and

Third, such negligence directly caused or directly contributed to cause damage to Plaintiffs Stars Investment Group, LLC and Stars Design Group, Inc.

INSTRUCTION NO. 6

The term "negligent" or "negligence" as used in these instructions means the failure to use ordinary care. The phrase "ordinary care" means that degree of care that an ordinarily careful person would use under the same or similar circumstances.

INSTRUCTION NO. 7

In your verdicts you must find Defendant AT&T Corp. responsible for any negligence of Defendant Four Winds Construction, LLC as described in Instruction No. 5 if you believe Defendant Four Winds Construction, LLC was performing the underground directional drilling in the scope and course of agency for Defendant AT&T Corp.

INSTRUCTION NO. 8

The underground directional drilling was within the "scope and course of agency" of Defendant AT&T Corp. as that phrase is used in Instruction No. 7 if:

1. the drilling was performed by Defendant Four Winds Construction, LLC to serve the business interests of Defendant AT&T Corp. according to an express or implied agreement between Defendant Four Winds Construction, LLC and Defendant AT&T Corp., and

2. Defendant AT&T Corp. either controlled or had the right to control the physical conduct of Defendant Four Winds Construction, LLC.

INSTRUCTION NO. 9

On the claims of Plaintiffs Stars Investment Group, LLC, and Stars Design Group, Inc. against Defendant AT&T Corp. under Instruction No. 7, your verdicts must be for Defendant AT&T Corp. unless you believe that Defendant AT&T Corp. controlled or had the right to control the physical conduct of Defendant Four Winds Construction, LLC, and that there was an express or implied agreement between Defendant AT&T Corp. and Defendant Four Winds Construction, LLC.

INSTRUCTION NO. 10

In your verdicts you must find Defendant MasTec North America, Inc. responsible for any negligence of Defendant Four Winds Construction, LLC as described in Instruction No. 5 if you believe Defendant Four Winds Construction, LLC was performing the underground directional drilling in the scope and course of agency for Defendant MasTec North America, Inc.

Case: 4:15-cv-01370-AGF   Doc. #:  136   Filed: 03/31/17   Page: 11 of 20 PageID #: 1479

INSTRUCTION NO. 11

The underground directional drilling was within the "scope and course of agency" of Defendant MasTec North America, Inc. as that phrase is used in Instruction No. 10 if:

1. the drilling was performed by Defendant Four Winds Construction, LLC to serve the business interests of Defendant MasTec North America, Inc. according to an express or implied agreement between Defendant Four Winds Construction, LLC and Defendant MasTec North America, Inc., and

2. Defendant MasTec North America, Inc. either controlled or had the right to control the physical conduct of Defendant Four Winds Construction, LLC.

INSTRUCTION NO. 12

On the claims of Plaintiffs Stars Investment Group, LLC and Stars Design Group, Inc. against Defendant MasTec North America, Inc. under Instruction No. 10, your verdict must be for Defendant MasTec North America, Inc. unless you believe that Defendant MasTec North America, Inc. controlled or had the right to control the physical conduct of Four Winds Construction, LLC, and that there was an express or implied agreement between Defendant MasTech North America, Inc. and Defendant Four Winds Construction, LLC.

INSTRUCTION NO. 13

If you find in favor of Plaintiff Stars Investment Group, LLC under Instruction No. 5, then you must award Plaintiff Stars Investment Group, LLC such sum as you may find from the evidence to be the difference between the fair market value of the real and personal property before it was damaged and its fair market value after it was damaged, plus such sum as you may find from the evidence will fairly and justly compensate Plaintiff Stars Investment Group, LLC for the loss of use thereof during the time reasonably necessary for the property to be repaired or replaced.

INSTRUCTION NO. 14

If you find in favor of Plaintiff Stars Design Group, Inc. under Instruction No. 5, then you must award Plaintiff Stars Design Group, Inc. such sum as you may find from the evidence to be the difference between the fair market value of the personal property before it was damaged and its fair market value after it was damaged, plus such sum as you may find from the evidence will fairly and justly compensate Plaintiff Stars Design Group, Inc. for the loss of use thereof during the time reasonably necessary for the property to be repaired or replaced.

INSTRUCTION NO. 15

The phrase "fair market value" as used in Instruction Nos. 13 and 14 means the price that the property in question would bring when offered for sale by one willing but not obliged to sell it and when bought by one willing or desirous to purchase it but who is not compelled to do so.

INSTRUCTION NO. 16

If you find in favor of Plaintiffs Stars Investment Group, LLC and Stars Design Group, Inc. against Defendant Four Winds Construction, LLC under Instruction No. 5, and if you believe:

First, either:

    Four Winds Construction, LLC failed to properly determine the location of utility markings prior to performing work, or

    Four Winds Construction, LLC failed to remove the snow to reveal the utility markings, or

    Four Winds Construction, LLC failed to dig a pothole to unearth the natural gas line, or

    Four Winds Construction, LLC drilled without having identified the location of the gas line and thereby punctured the natural gas line; and

Second, Defendant Four Winds Construction, LLC knew or had information from which Defendant Four Winds Construction, LLC, in the exercise of ordinary care, should have known that such conduct created a high degree of probability of injury; and

Third, Defendant Four Winds Construction, LLC thereby showed complete indifference to or conscious disregard for the rights of others,

then in addition to any damages to which you may find Plaintiffs Stars Investment Group, LLC and Stars Design Group, Inc. entitled under Instruction Nos. 13 and 14, you may award Plaintiffs Stars Investment Group, LLC and/or Stars Design Group, Inc. an additional amount as punitive

damages in such sum as you believe will serve to punish Defendant Four Winds Construction, LLC and to deter Defendant Four Winds Construction, LLC and others from like conduct.

INSTRUCTION NO. 17

You must not award either Plaintiffs Stars Investment Group, LLC or Stars Design Group, Inc. an additional amount as punitive damages against Defendant Four Winds Construction, LLC under Instruction No. 16 unless you believe the conduct of Defendant Four Winds Construction, LLC as submitted in Instruction No. 16 showed complete indifference to or conscious disregard for the rights of others.

INSTRUCTION NO. 18

There are rules you must follow when you go to the jury room to deliberate and return with your verdicts.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the court security officer and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdicts have to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdicts should be. The verdicts are entirely up to you.

*Finally*, the verdict forms are your written decision in this case. The forms read: (read form).

You will take these forms to the jury room, and when you have all agreed on the verdicts, your foreperson will fill in the forms, sign and date them, and tell the court security officer that you are ready to return to the courtroom.